NO. 07-11-00051-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
22, 2011

 



 

IN RE TOMMY DOMINGUEZ, RELATOR



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Tommy Dominguez, has filed a Petition for Writ of Mandamus
requesting this Court issue mandamus to compel respondent, the Honorable
William D. Smith, “to perform his ministerial duty, to abide with T.C.C.P. Art.
26.052(e), and in the alternative, that this cause be remanded to the Trial
Court for trial on its merit.”  By his
petition, Dominguez complains that, in 1997, he was tried for capital murder
and that the State sought the death penalty, and the
trial court abused its discretion when it failed to appoint two attorneys to
assist him.  See Tex. Code Crim. Proc. Ann. art. 26.052(e)
(West Supp. 2010).[1]  We deny the petition.

Mandamus
is an extraordinary remedy that will issue only if (1) the trial court clearly
abused its discretion, and (2) the party requesting mandamus relief has no
adequate remedy by appeal.  See In
re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). 
As the party bearing the burden of proof, a relator
must provide a sufficient record to establish his entitlement to mandamus
relief.  See Walker, 827 S.W.2d at 837.

Texas
Rule of Appellate Procedure 52.3[2]
identifies the requirements for a petition for writ of mandamus filed in this Court.  While Dominguez’s petition generally complies
with these requirements, it is deficient in one significant respect.  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record, and Rule 52.3(k)(1)(A) requires that the appendix to the
petition include a certified or sworn copy of any order complained of, or other
document showing the matter complained of. 
Dominguez has not included an appendix to his petition nor has he filed
a copy of the record from the capital murder trial of which he now
complains.  As such, Dominguez has failed
to provide this Court with a sufficient record to allow us to assess the merits
of Dominguez’s claim that the trial court clearly abused its discretion or
violated a duty imposed by law.  See
Walker, 827 S.W.2d at 837.

As
Dominguez has failed to meet his burden to establish entitlement to the relief
he seeks, we deny the petition.

 

                                                                                                Per
Curiam

 








 











[1] While the current version of art. 26.052(e) does
provide that the trial court shall appoint two attorneys to represent a capital
murder defendant when the State seeks imposition of the death penalty, the
version of the statute that was in effect at the time of Dominguez’s trial and
that established the trial court’s duty in Dominguez’s trial provided that the
trial court shall appoint lead counsel and “shall appoint a second counsel to
assist in the defense of the defendant, unless reasons against the appointment
of two counsel are stated in the record.”  Acts of 1995, 74th
Leg., R.S., ch. 319, § 2, 1995 Tex.Gen.Laws
319 (amended 2009) (current version at Tex. Code Crim. Proc. Ann. art. 26.052(e)) (emphasis
added).  Thus, even were we to assume
that Dominguez was appointed only one attorney to represent him in his capital
murder trial where the State sought the death penalty, Dominguez’s failure to
provide the record from that trial precludes this Court from determining
whether the trial court stated reasons against the appointment of two attorneys
in the record.

 





[2]Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@